IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **FENNER INVESTMENTS, LTD.,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | **CIVIL ACTION NO. 2:05cv5** |
| vs. | § | |
| | § | |
| **JUNIPER NETWORKS INC., NOKIA, INC., NORTEL NETWORKS, INC, CISCO SYSTEMS, INC., ERICSSON, INC., ERICSSON AB, and TELEFONAKTIEBOLAGET, LM, ERICSSON** | § § § § § § § | |
| | § | |
| **Defendant.** | § | |

## ORDER

Before the Court is Fenner's motion to amend its Preliminary Infringement Contentions ("PICs") as to Juniper Networks, Inc. ("Juniper") and Cisco Systems, Inc. ("Cisco") (collectively "Defendants") based on a showing of "good cause" (Doc. 366). For the following reasons, the Court finds Fenner has shown "good cause" and GRANTS its motion to amend.

### Background

In January of 2006, Fenner sought leave to amend its complaint to add several of Defendant, Alcatel USA, Inc.'s, related foreign entities.[1] Fenner's proposed amended complaint met with opposition because in addition to naming several new Alcatel entities, it also contained language tracking 35 U.S.C. § 271(f) ("271(f)"), which Defendants contended, required leave of

---

[1] Alcatel USA has settled out of the case.

1

Court pursuant to FED. R. CIV. P. 15(a).  Further, Defendants argued that Fenner would have to seek leave under P.R. 3-7[2] to amend its PICs to reflect the new 271(f) claims.  Fenner disagreed with both arguments.  First, Fenner maintained that it need not seek leave to amend its complaint because it had already plead 271(f) by generally alleging infringement under 35 U.S.C. § 271, which encompasses 271(f).  Second, Fenner argued that its PICs were sufficient under P.R. 3-1, so leave to amend pursuant to P.R. 3-7 was unnecessary.  Eventually, Fenner elected to file a separate lawsuit against the Alcatel foreign entities and withdrew its motion to amend, which resolved the issue surrounding the complaint language.  However, the dispute continued over whether 271(f) was in the case and whether Fenner should seek leave to amend its PICs to include its 271(f) claims.

Cisco refused to produce financial information Fenner demanded on the basis of 271(f), arguing that 271(f) was not in the case.  Fenner filed a motion to compel Cisco to produce its worldwide financial information (Doc. 239), and on April 27, 2006, the Court heard oral argument on the motion.[3]  At the hearing, Cisco argued that it had no obligation to produce its worldwide financial information because neither Fenner's complaint nor its PICs reflected a claim under 271(f).  Although Fenner disputed Cisco's characterization of its complaint and PICs, the Court found Fenner's PICs did not reflect its "specific theories of infringement" under 271(f) as required by P.R. 3-1. May 1, 2006 Order at 2 *citing STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F.Supp.2d 754, 755 (E.D. Tex. 2004) (Davis, J.).  In particular, Fenner's

---

[2] P.R. 3-7, Amendment to Contentions, provides "[a]mendment or modification of the Preliminary or Final Infringement Contentions or the Preliminary of Final Invalidity Contentions, other than as expressly permitted in P.R. 3-6, may be made only by order of the Court, which shall be entered only upon a showing of good cause."

[3] The Court also heard argument on Fenner's expedited motion to compel Cisco to produce financial and technical information (Doc. 299).

PICs failed to identify, "the *component[s]* of a patented invention that [were] especially made or especially adapted for use in the invention (emphasis added)." 35 U.S.C. § 271(f)(2).[4]

Accordingly, the Court held that Fenner must receive leave of Court to amend its PICs to reflect its 271(f)(2) claims.  Fenner has now sought leave, and the Court will consider whether Fenner has met its burden of establishing "good cause" under P.R. 3-7.

## Analysis

A party seeking leave to amend its PICs must show "good cause." FED. R. CIV. P. 16(B); *STMicroelectronics, Inc.*, 308 F.Supp.2d 845, 850 (E.D. Tex. 2004) (Davis, J.); *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003); *S&W Enters., L.L.C v. Southtrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003).  The party seeking to establish "good cause" must show, "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C,* 315 F.3d at 535.  Trial courts are vested with broad discretion in allowing scheduling modifications and consider four elements when determining whether to allow a modification based on a showing of "good cause": (1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. *Id. at* 535-36.  Neither party has raised the possibility of a continuance to cure prejudice associated with allowing Fenner's 271(f)(2) claims, and under the circumstances, the Court sees no reason to consider a continuance.  Therefore, the Court will focus its analysis on the first three elements of "good cause."

---

[4] The Court's May 1, 2006 order instructing Fenner to show "good cause" discussed both 271(f)(1) and (f)(2), but Fenner's motion to amend its PICs as to Juniper and Cisco based on a showing of "good cause" (Doc. 366) and its replies to Cisco (Doc. 401) and Juniper (Doc. 402) indicate that Fenner is only asserting claims under 271(f)(2).

*The explanation for the failure to meet the deadline*

Cisco argues that all of the information necessary to make out Fenner's 271(f)(2) claims was publicly available when Fenner filed its PICs on June 3, 2005.  Fenner maintains that it was not until early 2006 when depositions revealed information sufficient to support its 271(f)(2) claims. *See* Deposition of Ken Davidson, April 5, 2006; Deposition of Kent Leung, January 26, 2006; Deposition of Jay Iyer, January 27, 2006.  Cisco responds that even assuming Fenner learned of facts supporting a 271(f)(2) claim in late January 2006, it still has no explanation for why it has taken so long to request leave to amend its PICs.  Both sides offer reasonable arguments concerning when Fenner had sufficient information to support its 271(f)(2) claims, but it is still unclear to the Court when Fenner became aware of information supporting these claims.

Another factor complicating the situation was Fenner's ongoing confusion concerning the requirements of P.R. 3-1.  Fenner believed that its PICs already included its 271(f)(2) claims so there was no reason to seek leave to amend under P.R. 3-7.  The Court found Fenner's PICs were deficient because they failed to place Defendants on notice of Fenner's specific theories of infringement beyond what is provided by the language of the patent claims themselves. *STMicroelectronics, Inc.*, 308 F.Supp.2d at 755; *Orion IP, LLC v. Staples, Inc.*, 407 F.Supp.2d 815, 817 (E.D. Tex. 2006) (Davis, J.).  In particular, Fenner's PICs failed to identify the accused *components* of a patented invention which were especially made or adapted for use in the invention. May 1, 2006 Order at 3.  However, Fenner's contrary understanding of the rule was not unreasonable or in bad faith considering P.R. 3-1 does not explicitly require that parties identify the components contemplated by 271(f)(2).

Therefore, between the parties' legitimate disagreement concerning when Fenner became aware of sufficient facts to make its 271(f)(2) claims and Fenner's misunderstanding of P.R. 3-1, the Court cannot find that this element weighs against Fenner receiving leave to amend.

*Importance of the thing to be excluded/ potential prejudice in allowing the thing to be excluded*

The Court considers the importance of Fenner's 271(f)(2) claims, and the potential prejudice in allowing those claims, to be closely related and will analyze the two elements together. Fenner argues that excluding its 271(f)(2) claims from the case would allow Cisco and Juniper to escape liability for infringement, but in their responses, Cisco and Juniper assert that excluding the claims would have no such affect because Fenner lacks sufficient evidence to support its 271(f)(2) claims. They argue vigorously that Fenner cannot establish some of the elements necessary to sustain its claims under 271(f)(2), most notably, that the accused products have no "substantial non-infringing uses." However, these arguments would be more properly submitted in the context of summary judgment, where the parties are invited to bring all available facts before the Court and argue the sufficiency of Fenner's claims.

Currently, the proper inquiry is whether the thing to be excluded is important and whether including that thing would prejudice either side. The thing to be excluded in this case is a claim. Among the things regulated by the Court's scheduling order, including expert reports, pleadings, and evidence, a claim is relatively quite important. Fenner's 271(f)(2) claims represent theories of infringement, which could significantly affect potential damages in this case. Thus, the Court finds that the 271(f)(2) claims are important to the case, which weighs in favor of Fenner.

In considering the prejudice associated with allowing the claims, the Court notes that excluding the claims would significantly prejudice Fenner because Cisco and Juniper would escape defending against these 271(f)(2) claims altogether.  On the other hand, little prejudice will result from allowing the claims because the Court will narrow the type and amount of discovery Fenner is allowed to conduct in connection with the claims.  As Fenner admitted, no further discovery from Juniper is necessary, and the only information Fenner needs from Cisco is its worldwide financial information, which Fenner sought in its motion to compel (Doc. 239).

Accordingly, Fenner is entitled to no further discovery from Juniper regarding its 271(f)(2) claims, and the Court GRANTS in part and DENIES in part, Fenner's motion to compel (Doc. 239).  Cisco is ORDERED to produce populated templates reflecting worldwide financial information by June 18, 2006 or another date agreed to by the parties, and Cisco is ORDERED to designate a witness to testify on worldwide financial, sales, and marketing issues to be deposed for 4 hours no later than July 7, 2006.  However, Fenner has failed to show that sales of products to customers before the date of the issuance of the '670 Patent are necessary to conduct a proper *Georgia-Pacific* reasonable royalties analysis.  The Court is not convinced that a proper royalties analysis could not be conducted based on post-issuance financial information, therefore, Fenner's motion to compel as it relates to sales of products before the issuance of the '670 patent is DENIED. Aside from the discovery authorized in this order, Fenner is entitled to no further discovery from Cisco regarding its 271(f)(2) claims, and the Court will not look favorably upon any attempt by Fenner to expand the scope of discovery on these claims.

## Conclusion

For the reasons discussed herein, the Court finds that Fenner has shown "good cause" to amend its PICs as to Juniper and Cisco, and the Court ORDERS Fenner to submit amended PICs to Cisco and Juniper, if it has not already done so, by June 16, 2006.

**So ORDERED and SIGNED this 9th day of June, 2006.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE